[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENTAL MEMORANDUM OF DECISION
As noted in this court's original memorandum of decision of April 7, 1998, the defendant, Morris Construction Company, Inc., of Brookfield, performed construction work at the home of the plaintiff, Robert J. Victory, located at 36 Douglas Drive, Norwalk, in 1995. The defendant sent a final invoice to the plaintiff claiming a balance of approximately $40,400, which the plaintiff refused to pay.
Attorney Heather M. Brown, an attorney trial referee, conducted a trial and recommended that judgment enter in favor of the defendant with respect to both the complaint and counterclaim against the plaintiff. The issue was the applicability of General Statutes § 20-418, the Home Improvement Act (HIA), because there was no question that the work performed on the plaintiff's home constituted a home improvement but that no written contract had been signed by the parties. The referee concluded, however, that the HIA was not applicable because the plaintiff was acting as a CT Page 9189 general contractor and the defendant was a subcontractor.
In the first memorandum of decision, this court wrote that: "[t]he determination of the status of plaintiff and defendant as either owner and contractor or contractor and subcontractor, as the referee found, calls for a legal conclusion." The court determined "as a matter of law" that the plaintiff and defendant were owner and contractor, respectively, and the matter was remanded to the attorney trial referee to rule on whether the bad faith exception to the HIA existed.
On June 1, 1999, the Supreme Court decided Meadows v.Higgins, 249 Conn. 155, ___ A.2d ___ (1999), in which it ruled that the plaintiff in that case was acting as a subcontractor to whom the HIA did not apply. The attorney trial referee in that case made findings of fact that the plaintiff was acting as a subcontractor and this court entered judgment based on that finding. The Appellate Court, however, in Meadows v. Higgins,49 Conn App. 286, 614 A.2d 51 (1998), determined that the plaintiff was a general contractor to whom the HIA applied. In reversing the Appellate Court, the Supreme Court ruled that the distinction between a contractor and a subcontractor was a factual question, and that the referee's findings in this regard should be upheld because they "were not clearly erroneous." Meadows v. Higgons, supra, 249 Conn. 168. The Supreme Court noted that there were indeed some factual disputes about the exact roles played by the plaintiff and defendant in the Meadow case, but that: "[w]here the evidence is in conflict, its probative value is for the trier of fact to determine." Id., 171.
As the Supreme Court also noted in the Meadow case, supra,249 Conn. 170, n. 10, where a transcript is not furnished, this court's role is restricted to "determining whether the subordinate facts found by the attorney referee were sufficient to support the referee's ultimate factual conclusion." In concluding that the defendant was a subcontractor, the referee in this present case found as facts that: (1) the plaintiff and John J. Morris, Jr., the principal of the defendant corporation, had been good friends for many years, and their oral contract is not an "arms's length transaction;" (2) as an accommodation, the defendant prepared for the plaintiff an estimate of costs for the project; (3) the plaintiff listed himself as "general contractor" on three separate building permit applications, and signed each application as "applicant and as owner;" (4) the plaintiff as "homeowner/general contractor" controlled and directed the work CT Page 9190 of the defendant, oversaw the entire project and was responsible "for the final result;" (5) the defendant was a subcontractor, even though the defendant "assum[ed] some of the roles of a general contractor;" (6) the plaintiff charged for materials against the defendant's trade accounts; (7) the plaintiff did not prove his allegations that the work performed by the defendant was defective and untimely; and (8) the defendant had substantially performed the contract and was entitled to recover $26,146.87 from the plaintiff on its counterclaim. In responding to a motion to correct, the referee also noted that: (1) the plaintiff determined "the scope of the work and the sequencing of construction;" (2) used the defendant's "trade accounts" for his own convenience; and (3) "used the defendant's expertise to secure data for financing approval."
The only remaining issue is whether these facts support the ultimate factual conclusion by the referee that the defendant should prevail on its counterclaim despite the requirement of the HIA that home improvement contracts be in writing and conform to that act. The ultimate conclusion of the referee regarding the status of the defendant as a subcontractor flows logically from the facts that were found. It is also clear as a matter of law that the HIA does not apply to subcontractors. Meadows v.Higgins, supra, 249 Conn. 168 ("a subcontractor is not included within the purview of the act").
It follows, therefore, that the recommendation of the attorney trial referee that judgment enter in favor of the defendant as to the complaint, and in favor of the defendant to recover $26,146.87 on its counterclaim, should have been accepted by this court, and that the remand was in error. Judgment may, therefore, enter in favor of the defendant in that amount, plus costs as taxed by the office of the chief clerk in favor of the defendant in accordance with General Statutes § 52-257 and Practice Book § 18-5.
So Ordered.
Dated at Stamford, Connecticut, this 2nd day of July, 1999.
William B. Lewis, Judge